UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENNETH PETRY | § | CIVIL ACTION NO. |
| | § | |
| VS. | § | SEC.          MAG. |
| | § | |
| BAYWATER DRILLING, LLC | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Kenneth Petry ("Plaintiff" or "Petry"), complaining of Defendant Baywater Drilling, LLC ("Defendant"), and, for cause of action, would respectfully show as follows:

### I. PARTIES

1.1     Plaintiff Kenneth Petry, is a citizen and resident of Vermillion Parish, Louisiana.

1.2     Defendant Baywater Drilling, LLC, is a Delaware limited liability company with its principal place of business in Terrebonne Parish, Louisiana, doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816-4378.

### II. JURISDICTION

2.1     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction. This case is brought pursuant to the Jones Act 46 U.S.C. § 30104, and for negligence under the general maritime law.

### III.  VENUE

3.1     Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

### IV.  FACTS

4.1     At all material times hereto, Defendant owned, operated and/or crewed the barge *Atchafalaya* ("Vessel"), the barge on which Plaintiff was working at the time of injury made the basis of suit, a vessel operating in navigable waters.

4.2     At all material times hereto, Plaintiff was employed by Defendant as a crane operator and member of the crew of the Vessel.

4.3     On or about July 13, 2020, Plaintiff was injured while performing his work on the Vessel.  On that date, Plaintiff was walking on an I-Beam on the vessel, which with no warning broke.  As a result, Plaintiff sustained injuries to his bilateral hips, left shoulder and neck, among other injuries.

4.4     The injuries suffered by Plaintiff were caused by the negligence of the Vessel and its owner/operator, and unseaworthiness of the Vessel, in that the Vessel and her appurtenances and/or equipment were unsafe and in an unreasonable state of repair.

4.5     A proximate cause of the accident complained of herein was not by any fault of the Plaintiff but rather the fault and/or negligence attributable Defendant, in the following non-exclusive particulars, to wit:

    a.     Failing to maintain a safe place to work;

    b.     Failing to provide equipment to operate the vessel in a reasonably safe manner;

      c.      Any other acts of negligence shown through future discovery or investigation of this incident.

## V.  JONES ACT

5.1     Plaintiff's injuries were suffered in the course and scope of his employment and were caused by the negligence and/or gross negligence of Defendant, its officers, agents, and/or employees, as described herein.

## VI.  COUNT 2 - UNSEAWORTHINESS

6.1     Plaintiff's injuries were caused by Defendant's breach of duty to furnish a seaworthy vessel.

## VII.  COUNT 3 - MAINTENANCE AND CURE

7.1     Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel.  As a result, Defendant had, and continues to have, a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure.  Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duties therefore continue.  Defendant breached its absolute duty by denying payment of maintenance and cure.  As a result Defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues.  Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of his condition caused by said failure, as well as attorneys' fees, and punitive damages, for which he now sues, in addition to all other relief sought.

## VIII.  DAMAGES

8.1  As a direct and proximate result of Defendant's negligence and/or gross negligence, Plaintiff suffered the following injuries and damages, including, but not limited to: (a) mental anguish in the past; (b) mental anguish that he is likely to sustain in the future; (c) lost earnings; (d) loss of earning capacity; (e) permanent disfigurement; (f) physical impairment in the past; (g) physical impairment that he is likely to sustain in the future; (h) medical expenses in the past; (i) medical expenses that he is likely to incur in the future; (j) physical pain and suffering in the past; (k) physical pain and suffering that he is likely to sustain in the future; (l) pecuniary and non-pecuniary damages to which he is entitled, including punitive damages.

## IX.  JURY DEMAND

9.1  Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays for judgment against Defendant for:  actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and post-judgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Randy J. Ungar*
RANDY J. UNGAR (12387)
randy@ungarlaw.net
3220 N. Arnoult Road, No. 110
Metairie, Louisiana 70002
Telephone:    504.450.3389

ATTORNEYS FOR PLAINTIFF